**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ZOGENIX, INC. and ZOGENIX INTERNATIONAL LTD., | |
| Plaintiffs, | |
| v. | C.A. No. _____ |
| APOTEX INC. and APOTEX CORP., | |
| Defendants. | |

## COMPLAINT

Zogenix, Inc. and Zogenix International Ltd. (collectively "Plaintiffs" or "Zogenix") for their Complaint against Apotex Inc. and Apotex Corp. (collectively "Defendants" or "Apotex") allege as follows:

## NATURE OF ACTION

1.      This is an action by Zogenix against Apotex for infringement of United States Patent No. 10,603,290 ("the '290 patent") and United States Patent No. 10,452,815 ("the '815 patent").

2.      This action arises out of Apotex's filing of Abbreviated New Drug Application ("ANDA") No. 216108 seeking approval by the United States Food and Drug Administration ("FDA") to sell generic copies of Zogenix's FINTEPLA® (fenfluramine) oral solution, CIV product prior to the expiration of the '290 patent and the '815 patent.  Apotex's proposed generic fenfluramine hydrochloride oral solution, 2.2 mg base/mL product that is the subject of Apotex's ANDA No. 216108 is referred to herein as "Apotex's ANDA Product."

## THE PARTIES

3.      Plaintiff Zogenix, Inc. is a corporation organized and existing under the laws of Delaware and having a place of business at 5959 Horton Street, Emeryville, CA 94608. Zogenix, Inc. is a global biopharmaceutical company that develops and commercializes therapies for rare diseases.  Zogenix, Inc. owns approved New Drug Application ("NDA") No. 212102 for 2.2 mg/mL fenfluramine for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older, which Zogenix sells under the registered name Fintepla. Zogenix, Inc. has the sole right to market Fintepla in the United States.

4.      Plaintiff Zogenix International Ltd. is a corporation organized and existing under the laws of the England and Wales and having a place of business at The Pearce Building, West Street, Maidenhead, Berkshire SL6 1RL, UK.  Zogenix International Ltd. is a wholly-owned subsidiary of Zogenix, Inc.

5.      On information and belief, Apotex Inc. is a Canadian corporation with its principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.

6.      On information and belief, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

7.      On information and belief, Apotex Corp. is a subsidiary of Apotex Inc.

8.      On information and belief, Apotex Corp. is the designated U.S. agent for Apotex Inc. in accordance with 21 C.F.R. § 314.50(a) in connection with Apotex's ANDA No. 216108.

9.      On information and belief, Apotex Corp. is a generic pharmaceutical company that distributes and sells generic pharmaceutical products in the State of Delaware and throughout the United States that are manufactured by Apotex Inc.

## JURISDICTION AND VENUE

10.     This action arises under the patent laws of the United States, Title 35, United

States Code.

11.     The Court has subject matter jurisdiction over this action pursuant to the

provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

12.     This Court has personal jurisdiction over Apotex Corp. because Apotex Corp. is

incorporated in the State of Delaware.

13.     On information and belief, Apotex's registered agent for service of process is

Corporate Creations Network Inc., with an address at 3411 Silverside Road #104, Tatnall

Building, Wilmington, Delaware 19810.

14.     This Court has personal jurisdiction over Apotex Inc. under Fed. R. Civ. P. 4(k)

because, on information and belief, Apotex Inc. is organized under the laws of Canada.

15.     This Court has personal jurisdiction over Apotex Inc. because at least one of the

provisions under Del. Code Ann. Tit. 10, § 3104, is satisfied.

16.     On information and belief, Apotex satisfies at least § 3104(c)(1) ("[t]ransacts any

business or performs any character of work or service in the State), § 3104(c)(2) ("[c]ontracts to

supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an

act or omission in this State"), and § 3104(c)(4) ("[c]auses tortious injury in the State or outside

of the State by an act or omission outside the State if the person regularly does or solicits

business, engages in any other persistent course of conduct in the State or derives substantial

revenue from services, or things used or consumed in the State").

17.     This court also has personal jurisdiction over Apotex Inc. because this suit arises out of and relates to Apotex Inc.'s activities, in concert with Apotex Corp., that are, and will be, directed to Delaware.

18.     On information and belief, following any FDA approval of the Apotex's ANDA, Apotex Inc., in concert with Apotex Corp., will market and sell Apotex's ANDA Product that is the subject of the infringement claims in this action in the State of Delaware and throughout the United States, including in this Judicial District.

19.     On information and belief, Apotex Inc., directly and through its subsidiaries, affiliates, or agents, including Apotex Corp., is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of Delaware and throughout the United States.

20.     On information and belief, Defendants are agents of each other and/or work in concert with each other on the development, obtaining of regulatory approval, manufacture, marketing, sale, and/or distribution of generic drugs, including the ANDA Product.

21.     On information and belief, and as indicated by the Notice Letter, Apotex prepared and filed ANDA No. 216108 with the intention of seeking to market Apotex's ANDA Product nationwide, including within this Judicial District.

22.     Apotex's infringing activities with respect to its filing of ANDA No. 216108 and its intent to commercialize and sell Apotex's ANDA Product have led and/or will lead to foreseeable harm and injury to Zogenix.

23.     Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) with regard to Apotex Corp., because, upon information and belief, Apotex Corp. resides in the State of Delaware and therefore Apotex's ANDA submission is sufficiently related to this District.

24.     Venue is proper in this Judicial District under 28 U.S.C. § 1391 and § 1400(b) with regard to Apotex Inc., because, upon information and belief, Apotex Inc. is incorporated in Canada and may be sued in any judicial district in the United States in which Apotex Inc. is subject to the Court's personal jurisdiction.

## BACKGROUND

### FINTEPLA

25.     The active ingredient in Zogenix's Fintepla product is fenfluramine hydrochloride.

26.     Zogenix markets Fintepla oral solution that contains 2.2 mg/mL fenfluramine, equivalent to 2.5 mg/mL of the hydrochloride salt.

27.     The FDA-approved Prescribing Information for Fintepla states that fenfluramine hydrochloride is designated chemically as N-ethyl-α-methyl-3-(trifluoromethyl)phenethylamine hydrochloride.

28.     Fenfluramine is an amphetamine analogue that increases the extracellular levels of 5-hydroxytryptamine (5-HT, serotonin) in nervous tissue.

29.     The precise mechanisms by which fenfluramine exerts its therapeutic effects in the treatment of seizures associated with Dravet syndrome are unknown.

30.     It is currently theorized that fenfluramine acts by increasing extracellular levels of serotonin through interaction with serotonin transporter proteins, by exhibiting agonist activity at serotonin 5-HT1D, 5-HT-2A and 5-HT2C receptors, and by positively modulating the sigma-1 receptor.

31.     Fenfluramine was originally approved in the U.S. in 1973 as Pondimin® (20 mg tablets) and Ponderex® (20 mg capsules) for use as an anorectic agent and was prescribed both

alone and in combination with phentermine ("fen-phen") as an appetite suppressant for the treatment of adult obesity.

32.     Fenfluramine was withdrawn from the worldwide market in the late 1990's (1997 in the U.S.) due to drug-related left-sided cardiac valvular disease.

33.     On March 8, 1999, fenfluramine and dexfenfluramine were included in a Federal Register notice identifying drug products that were withdrawn from the U.S. market due to reasons of safety or effectiveness.

34.     In 2015, the FDA determined that Pondimin® and Ponderex® specifically were withdrawn from the U.S. market due to reasons of safety or effectiveness.

35.     On June 25, 2020, the FDA approved Zogenix's Fintepla product for the treatment of seizures associated with Dravet syndrome in patients age 2 and older.

36.     Dravet syndrome is a life-threatening, rare and chronic form of epilepsy, often characterized by severe and unrelenting seizures despite medical treatment.

37.     Zogenix demonstrated the effectiveness of Fintepla for the treatment of seizures associated with Dravet syndrome in combination with other anti-epileptic drugs through two clinical studies.  The studies measured the change from baseline in the frequency of convulsive seizures.  In both studies, subjects treated with Fintepla had highly significant greater reductions in the frequency of convulsive seizures during the trials than subjects who received placebo (inactive treatment).  These reductions were seen within 3-4 weeks and remained generally consistent over the 14- to 15-week treatment periods, and these reductions were similarly observed in long-term, open-label studies.

38.     Zogenix also performed studies demonstrating for the first time that cannabidiol could reduce the production of norfenfluramine from fenfluramine.  Norfenfluramine is strongly associated with the heart-valve abnormalities experienced by patients taking fen-phen.

39.     Zogenix also developed methods to treat, track, and protect Dravet patients taking fenfluramine products.

40.     The methods Zogenix developed became part of a Risk, Evaluation, and Mitigation Strategy ("REMS") that is required by the FDA, in order to protect patients from heart-valve abnormalities.

41.     The FDA requires a REMS for any sales of fenfluramine products, including any fenfluramine hydrochloride drug products.

**Orange Book Listing for FINTEPLA**

42.     Zogenix, Inc. holds approved NDA No. 212102 for 2.2 mg/mL fenfluramine for the treatment of seizures associated with Dravet syndrome in patients 2 years of age and older, which Zogenix sells under the registered name Fintepla.

43.     Pursuant to 21 U.S.C. § 355(b)(1) and the regulations the FDA has promulgated pursuant thereto, the '290 patent and the '815 patent are among eleven patents listed in the FDA publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") for the Fintepla NDA.

**The '290 Patent**

44.     On March 31, 2020, the USPTO issued the '290 patent, titled "Formulation For Inhibiting Formation of 5-HT$_{2B}$ Agonists and Methods of Using Same."  The '290 patent is duly and legally assigned to Zogenix International Ltd.  A copy of the '290 patent is attached hereto as Exhibit A.

45.     The claims of the '290 patent are directed, *inter alia*, to methods for use of fenfluramine in combination with cannabidiol for the treatment of seizures associated with Dravet Syndrome.

46.     The expiration date for the '290 patent is August 2, 2037.

## The '815 Patent

47.     On October 22, 2019, the USPTO issued the '815 patent, titled "Control System For Control of Distribution of Medication."  The '815 patent is duly and legally issued to Zogenix International Ltd.  A copy of the '815 patent is attached hereto as Exhibit B.

48.     The claims of the '815 patent are directed, *inter alia*, to use of cardiac monitoring and restricted distribution of fenfluramine to mitigate risk of cardiovascular toxicity in the treatment of seizures associated with Dravet Syndrome.

49.     The expiration date for the '815 patent is June 29, 2038.

## Apotex's ANDA No. 216108

50.     By letter dated July 20, 2021 (the "Apotex Notice Letter"), and received by Zogenix on July 21, 2021, Apotex notified Zogenix that it had filed ANDA No. 216108 with the FDA, seeking approval under the Federal Food, Drug and Cosmetic Act to market and sell Apotex's ANDA Product – generic copies of Zogenix's Fintepla product – prior to the expiration of the '290 patent and the '815 patent.

51.     The Apotex Notice Letter states that ANDA No. 216108 seeks to "obtain approval to engage in the commercial manufacture, use or sale" of Apotex's ANDA Product prior to the expiration of the '290 patent and the '815 patent.

52.     The Apotex Notice Letter asserts that ANDA No. 216108 contains a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(B)(iv)(II) alleging that the '290 patent and the '815

patent "are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use or sale of" Apotex's ANDA Product.

53.     Attached to the Apotex Notice Letter was Apotex's Detailed Statement for ANDA No. 216108 ("Apotex's Detailed Statement") asserting the purported factual and legal bases for Apotex's contention that the '290 patent and the '815 patent are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale of the drug product described in Apotex's ANDA.

54.     Apotex's Detailed Statement alleges that all claims of the '290 patent and the '815 patent are invalid.

55.     Apotex's Detailed Statement does not contain a non-infringement argument with respect to either the '290 patent or the '815 patent.

56.     On information and belief, Apotex Inc. and Apotex Corp. collaborated and acted in concert in the decision to prepare and file and in the preparation and filing of ANDA No. 216108.

57.     On information and belief, upon approval of ANDA No. 216108, Apotex will sell and distribute Apotex's ANDA Product throughout the United States.

## COUNT I

(Infringement of the '290 Patent)

58.     The allegations of paragraphs 1-57 above are repeated and re-alleged as if set forth fully herein.

59.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex's filing of ANDA No. 216108 seeking approval to market Apotex's ANDA Product is an act of infringement of at least claim 1 of the '290 patent entitling Zogenix to the relief provided by 35 U.S.C. § 271(e)(4), including,

*inter alia*, an order of this Court that the effective date of approval for ANDA No. 216108 be a date which is not earlier than the expiration date of the '290 patent.

60.     Claim 1 of the '290 patent recites:

> 1. A method of reducing or ameliorating seizures in a patient, comprising:
> administering fenfluramine; and
> administering cannabidiol thereby modulating down formation of norfenfluramine, and
> resulting in higher levels of fenfluramine.

61.     Apotex, in its Detailed Statement requiring that it disclose its non-infringement arguments, did not provide any non-infringement arguments for claim 1.

62.     On information and belief, upon FDA approval, Apotex intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product and will thereby infringe directly or contribute to or induce the infringement of one or more claims of the '290 patent, including at least claim 1 under 35 U.S.C. § 271(a), (b), (c), and/or (g).

63.     Upon information and belief, Apotex had knowledge of the '290 patent prior to infringement.

64.     Upon information and belief, Apotex knew that the '290 patent was listed in the Orange Book prior to the filing of its ANDA.

65.     Because the '290 patent covers the use of Fintepla, as stated in the Orange Book, Apotex knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '290 patent.

66.     On information and belief, Apotex will induce others to infringe and/or contribute to the infringement of at least claim 1 of the '290 patent under 35 U.S.C. § 271(b) and/or (c) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, purchasers, or users thereof.

67.     The Fintepla label encourages infringement of claim 1 and describes clinical studies treating patients using fenfluramine hydrochloride in combination with cannabidiol.

68.     Upon information and belief, Apotex's label will be substantially similar to Fintepla's label.

69.     Because Apotex's label will be substantially similar to the Fintepla label, Apotex will have a specific intent to actively encourage infringement of claim 1 by marketing its generic copy of Fintepla.

70.     The foregoing actions by Apotex constitute and/or would constitute infringement of at least claim 1 of the '290 patent.

71.     Zogenix will be substantially and irreparably harmed if Apotex is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '290 patent.  Zogenix has no adequate remedy at law.

## COUNT II

(Infringement of the '815 Patent)

72.     The allegations of paragraphs 1-71 above are repeated and re-alleged as if set forth fully herein.

73.     Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex's filing of ANDA No. 216108 seeking approval to market Apotex's ANDA Product is an act of infringement of at least claim 1 of the '815 patent entitling Zogenix to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for ANDA No. 216108 be a date which is not earlier than the expiration date of the '815 patent.

74.     Claim 1 of the '815 patent recites:

1. A system for controlling distribution of a fenfluramine or pharmaceutical acceptable salt thereof for treating symptoms of a designated subtype of epilepsy, the system comprising:

a data storage facility comprising a database of patient records including address details for the patient, each patient record having a medication authorization field for entering a first prescription of fenfluramine or a pharmaceutically acceptable salt thereof;

a central controller having one or more processors coupled to a communication network, which central controller is coupled to the data storage facility to read and write data to the data storage facility via the network;

a drug storage facility having fenfluramine or a pharmaceutically acceptable salt thereof stored therein;

wherein the central controller of the system is programed to monitor drug inventory in the drug storage facility and further programed to control dispatch of fenfluramine or a pharmaceutically acceptable salt thereof from the drug storage facility; and

wherein the central controller controls transmission and receipt of data to and from the data storage facility via the network, and acts as a centralized pharmacy for the medication, and confirms receipt of the fenfluramine or a pharmaceutically acceptable salt thereof at the patient address,

the central controller being programed to output via the network a first authorization of a first prescription of fenfluramine or a pharmaceutically acceptable salt thereof to a specific patient previously subjected to a first echocardiographic imaging test,

wherein output of the authorization is dependent upon the results of the first echocardiographic imaging test,

and wherein the central controller is further programed to output a time period over which use of the fenfluramine or a pharmaceutically acceptable salt thereof by a patient is authorized and to schedule a subsequent echocardiograph imaging for the patient which subsequent test results for the patient are required to be received before authorizing additional fenfluramine or a pharmaceutically acceptable salt thereof for the patient,

and further wherein the central controller is programed to take an action dependent upon subsequent test results selected from authorizing an additional prescription, a change to the prescription and output of a proposal for cessation of the prescription.

75.     Apotex, in its Detailed Statement requiring that it disclose its non-infringement arguments, did not provide any non-infringement arguments for claim 1.

76.     On information and belief, upon FDA approval, Apotex intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product and will thereby infringe directly or contribute to or induce the infringement of one or more claims of the '815 patent, including at least claim 1 under 35 U.S.C. § 271(a), (b), (c), and/or (g).

77.     Upon information and belief, Apotex had knowledge of the '815 patent prior to infringement.

78.     Upon information and belief, Apotex knew that the '815 patent was listed in the Orange Book prior to the filing of its ANDA.

79.     Because the '815 patent covers the use of Fintepla, as stated in the Orange Book, Apotex knew that its filing of an ANDA to make a generic copy of Fintepla would infringe the '815 patent.

80.     Because the Fintepla label and REMS encourages infringement of claim 1, and because, upon information and belief, Apotex's label and REMS will be substantially similar to Fintepla's label and REMS, Apotex will have a specific intent to actively encourage infringement of claim 1 by marketing its generic copy of Fintepla.

81.     On information and belief, Apotex will induce others to infringe and/or contribute to the infringement of at least claim 1 of the '815 patent under 35 U.S.C. § 271(b) and/or (c) by,

among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the prescribers, purchasers, distributors, pharmacists, or users thereof.

82.    On information and belief, upon FDA approval, Apotex intends to engage in the manufacture, use, offer for sale, sale, and/or importation of Apotex's ANDA Product and will thereby infringe directly or contribute to or induce the infringement of one or more claims of the '815 patent, including at least claim 1 under 35 U.S.C. § 271(a), (b), (c), and/or (g).

83.    The foregoing actions by Apotex constitute and/or would constitute infringement of at least claim 1 of the '815 patent.

84.    Zogenix will be substantially and irreparably harmed if Apotex is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '815 patent.  Zogenix has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Zogenix requests the following relief:

A.  A judgment that Apotex's submission of ANDA No. 216108 was an act of infringement and that Apotex's making, using, selling, offering for sale, marketing, distributing, or importing Apotex's ANDA Product prior to the expiration of the '290 patent and '815 patent will infringe each of those patents;

B.  A judgment that the effective date of any FDA approval for Apotex to make, use, offer for sale, sell, market, distribute, or import Apotex's ANDA Product shall be no earlier than the dates on which the '290 patent and '815 patent expire, or the later expiration of any exclusivity to which Zogenix is or becomes entitled;

C.  A permanent injunction enjoining Apotex, its officers, agents, servants, and employees, and those person in active concert or participation with any of them, from

making, using, selling, offering for sale, marketing, distributing, or importing

Apotex's ANDA Product, and from inducing or contributing to any of the foregoing,

prior to the expiration of the '290 patent and '815 patent, or the later expiration of any

exclusivity to which Zogenix is or becomes entitled;

D.  A judgment that this case is an exceptional case under 35 U.S.C. § 285, entitling

Zogenix to an award of its reasonable attorneys' fees for bringing and prosecuting this

action;

E.  An award of Zogenix's costs and expenses in this action; and

F.  Such further and additional relief as this Court deems just and proper.


Dated:  August 30, 2021

**OF COUNSEL**:

Stuart E. Pollack
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4964
stuart.pollack@us.dlapiper.com

Susan M. Krumplitsch
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303
Telephone: (650) 833-2440
susan.krumplitsch@us.dlapiper.com

Soumitra Deka
**DLA PIPER LLP (US)**
555 Mission Street
Suite 2400
San Francisco, CA 94105
Telephone: (415) 615-6170
sam.deka@us.dlapiper.com

**DLA PIPER LLP (US)**

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
Erin E. Larson (DE Bar No. 6616)
1201 North Market Street
Suite 2100
Wilmington, DE 19801-1147
Telephone: 302.468.5700
brian.biggs@us.dlapiper.com
erin.larson@us.dlapiper.com

*Attorneys for Plaintiffs Zogenix, Inc. and Zogenix International Ltd.*

15