IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOGENIX, INC. and<br>ZOGENIX INTERNATIONAL LTD.,<br><br>               Plaintiffs,<br><br>    v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>               Defendants. | C.A. No. 21-1252 (RGA)<br>**CONSOLIDATED**<br><br>**PUBLIC VERSION** |

### PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATIONS

OF COUNSEL:

George F. Pappas
Einar Stole
Jeffrey B. Elikan
Thomas J. Sullivan
Antonio Carvalho
Justin W. Burnam
Tobias Ma
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
Kurt G. Calia
Charles Hall
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000

Jennifer D. Cieluch
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Zogenix, Inc. and Zogenix International Ltd.*

**Confidential Version Filed: June 30, 2023**
**Public Version Filed: July 7, 2023**

TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. NATURE AND STAGE OF THE PROCEEDINGS ...................................................... 1

III. STANDARD OF REVIEW ............................................................................................. 1

IV. ARGUMENT ................................................................................................................... 2

    A. Plaintiffs Adequately Pled Infringement of the Contested Patents ........................ 2

        1. Read as a Whole, Apotex's Label Encourages an Infringing Use .............. 3

        2. The R&R's Analysis Fails to Consider How a Physician Would Read Apotex's Label as a Whole ................................................................. 5

V. CONCLUSION .............................................................................................................. 10

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Connelly v. Lane Constr. Corp.*,
    809 F.3d 780 (3d. Cir. 2016)..................................................................................................2, 8

*Cornell Univ. v. Illumina, Inc.*,
    C.A. No. 10-433-LPS-MPT, 2017 WL 89165 (D. Del. Jan. 10, 2017) .....................................2

*Eli Lilly & Co. v. Teva Parenteral Meds. Inc.*,
    845 F.3d 1357 (Fed. Cir. 2017)..................................................................................................9

*Genentech, Inc. v. Sandoz Inc.*,
    55 F.4th 1368 (Fed. Cir. 2022) ..................................................................................................9

*GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*,
    7 F.4th 1320 (Fed. Cir. 2021) .........................................................................................3, 9, 10

*Grunenthal GmbH v. Alkem Labs. Ltd.*,
    919 F.3d 1333 (Fed. Cir. 2019)................................................................................................10

*Ingevity Corp. v. BASF Corp.*,
    C.A. No. 18-1391-RGA, 2020 WL 1329604 (D. Del. Mar. 23, 2020)..................................1, 2

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 ............................................................................................................................2

*Sanofi v. Glenmark Pharms. Inc., USA*,
    204 F. Supp. 3d 665 (D. Del. 2016)...........................................................................................6

*Sanofi v. Watson Labs. Inc.*,
    875 F.3d 636 (Fed. Cir. 2017).............................................................................................2, 10

*Sanofi-Aventis U.S. LLC v. Apotex Corp.*,
    C.A. No. 20-804-RGA, 2022 WL 2643532 (D. Del. July 8, 2022)......................................2, 6

**Statutes**

28 U.S.C. § 636(b)(1)(B) ...................................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 72(b)(3).....................................................................................................................1

I.  **INTRODUCTION**

Plaintiffs Zogenix, Inc. and Zogenix International, Ltd. ("Plaintiffs") respectfully object to portions of the magistrate judge's Report and Recommendations Regarding Defendants Apotex Inc. and Apotex Corp.'s ("Apotex") Motion to Dismiss (C.A. No. 22-1232-RGA, D.I. 14) and Plaintiffs' Motion for Leave to File an Amended Complaint (D.I. 95). D.I. 154 ("R&R").[1] Plaintiffs have adequately pled facts showing Apotex's label will inevitably induce at least some physicians to infringe the claims of U.S. Patent Nos. 10,478,441 ("the '441 Patent"), 10,478,442 ("the '442 Patent"), and 11,406,606 ("the '606 Patent") ("the Contested Patents").

II.  **NATURE AND STAGE OF THE PROCEEDINGS**

On September 15, 2022, Plaintiffs filed a second revised motion for leave to amend their complaint to add allegations that Apotex would infringe the '441 and '442 Patents, as well as the '510 Patent. D.I. 95–96. Briefing concluded on October 6 (D.I. 105). Plaintiffs also filed a complaint asserting infringement of the '606 Patent against Defendants Apotex and Lupin Ltd. on September 21. C.A. No. 22-1232-RGA, D.I. 1. Apotex moved to dismiss on November 14 (C.A. No. 22-1232-RGA, D.I. 14–16), and briefing concluded on December 12. (C.A. No. 22-1232-RGA, D.I. 36). The matters were consolidated on March 15, 2023. D.I. 133.

The Court referred both motions to Judge Fallon, D.I. 141; C.A. No. 22-1232-RGA, D.I. 62, who heard oral arguments on June 13 and issued her R&R and order on June 16. D.I. 154–55.

III.  **STANDARD OF REVIEW**

When a magistrate judge "make[s] recommendations for the disposition of case-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B)," such as a motion to dismiss, the Court must review objections to the magistrate's recommendations *de novo* under Fed. R. Civ. P. 72(b)(3). *Ingevity*

---

[1] Plaintiffs do not object to the R&R's treatment of U.S. Patent No. 10,351,510 ("the '510 Patent").

1

*Corp. v. BASF Corp.*, C.A. No. 18-1391-RGA, 2020 WL 1329604, at *1 (D. Del. Mar. 23, 2020). When considering a Rule 12(b)(6) motion, the Court must assume all "factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

For non-dispositive motions, such as a motion for leave to amend, the Court reviews findings of fact for clear error and conclusions of law *de novo*. *Cornell Univ. v. Illumina, Inc.*, C.A. No. 10-433-LPS-MPT, 2017 WL 89165, at *8 (D. Del. Jan. 10, 2017). Here, however, Judge Fallon's R&R denied Plaintiffs' motion for leave to amend on the basis of futility, relying on the same reasoning as for granting the motion to dismiss. *See* D.I. 154 at 22. Because the futility analysis is based on whether or not an amended complaint could survive a motion to dismiss (*see In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)), Plaintiffs submit that it is appropriate for the Court to also review Judge Fallon's decision regarding Plaintiffs' Motion for Leave to File an Amended Complaint *de novo*.

**IV.    ARGUMENT**

    **A.    Plaintiffs Adequately Pled Infringement of the Contested Patents**

To state a claim for inducement, Plaintiffs must allege that Apotex's label will "encourage, recommend, or promote infringement." *See, e.g.*, *Sanofi v. Watson Labs. Inc.*, 875 F.3d 636, 644 (Fed. Cir. 2017) ["*Sanofi I*"]. The key issue is whether "a physician reading" Apotex's label "will be encouraged to administer" Apotex's ANDA Product in an infringing manner, and Plaintiffs have sufficiently pled such facts. *See, e.g.*, *Sanofi-Aventis U.S. LLC v. Apotex Corp.*, C.A. No. 20-804-RGA, 2022 WL 2643532, at *9 (D. Del. July 8, 2022), *report and recommendation adopted*, C.A. 20-804-RGA, 2022 WL 4244613 (D. Del. Sept. 15, 2022) ["*Sanofi II*"].

In dismissing Plaintiffs' claims for infringement, the R&R erroneously applied its own interpretation of Apotex's label instead of crediting Plaintiffs' allegations, which concerned how

2

a *prescribing physician* would read the label. The R&R's piecemeal analysis improperly focuses on individual sections of Apotex's label in isolation, does not read the label as a whole (as a physician would), and concludes that the label does not instruct an infringing use. *See, e.g.*, *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, 7 F.4th 1320, 1329 (Fed. Cir. 2021) (crediting expert testimony that a combination of three sections of the label instructed an infringing use). The R&R (1) failed to consider how physicians would understand the side effect information in § 12.1; (2) ignored critical context in §§ 2.3, 2.4, 7.1, and 8.6, which, read together, teach the use of stiripentol with fenfluramine; and (3) improperly discredited physicians' ability to interpret the label's description of a clinical trial showing the safety and efficacy of administering stiripentol with fenfluramine. Plaintiffs' objections to the R&R should therefore be sustained.

### 1. Read as a Whole, Apotex's Label Encourages an Infringing Use

As Plaintiffs have explained, the various sections of Apotex's label, read as part of the label as a whole by a physician, encourages administering fenfluramine *with* stiripentol. The R&R interprets individual sections of the label as not *explicitly* describing this use of stiripentol, but does not consider the interpretation a physician would understand, based on the entirety of the label, that Apotex's label *implicitly* encourages administering fenfluramine with stiripentol.

First, Apotex's label teaches physicians that it is better to use less fenfluramine. Specifically, § 12.1 of Apotex's label tells physicians that ████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████ Physicians therefore would be led to reduce the fenfluramine dosage to avoid cardiac toxicity. D.I. 105 at 4–5.

Next, §§ 2.3 and 2.4 of Apotex's label, when read in conjunction with §§ 7.1 and 8.6, respectively, provide specific dosing instructions that encourage administering fenfluramine with

3

stiripentol. Section 2.3 of Apotex's label instructs a 20 mg dosage of fenfluramine for patients on strong CYP inhibitors not taking concomitant stiripentol. It then directs the physician to § 7.1, which prescribes a 17 mg dosage for such patients when administering fenfluramine "with another AED." Excerpts of §§ 2.3 and 7.1 appear below:



Similar dosage modification instructions appear in §§ 2.4 and 8.6 of Apotex's label (below):



A physician reading these sections would recognize that "another AED" could *only* be stiripentol and not some other AED like valproate. *See, e.g.*, D.I. 105 at 4; D.I. 156 at 19:15–21:3. Otherwise, the instructions are internally inconsistent—if "another AED" was, for example, valproate, §§ 2.3 and 2.4 would instruct a maximum fenfluramine dosage of 20 mg—but §§ 7.1 and 8.6 would instruct a maximum dosage of 17 mg. D.I. 105 at 4. A physician would know that stiripentol increases exposure of fenfluramine. D.I. 95-1, Ex. A at ¶ 87. Therefore, §§ 2.3 and 2.4, together with §§ 7.1 and 8.6, respectively, instruct a physician that administering stiripentol with fenfluramine enables lower dosages of fenfluramine, as encouraged by § 12.1, and that such use would be safe and effective. D.I. 105 at 4–5.

Finally, a physician would recognize Apotex's label as instructing that administering

4

fenfluramine with other AEDs, and specifically stiripentol, is safe and effective for treating seizures associated with Dravet syndrome. ▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰

*Id.* at 3–4. Section 6.1, meanwhile, refers to two clinical trials of fenfluramine with patients who were taking ▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰ which the physician would understand to encompass stiripentol.[2] *Id.* at 5. ▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰

Based on the description of the clinical trials in § 6.1, the Apotex label's distinction of Study 1 as having no patients receiving stiripentol, and the physician's own understanding of the standard of care for treating Dravet syndrome, physicians would understand that the "other AEDs" tested in Study 2 must have included stiripentol. D.I. 105 at 5.

    **2.**    **The R&R's Analysis Fails to Consider How a Physician Would Read Apotex's Label as a Whole**

The R&R structures its analysis of Plaintiffs' arguments by *separately* analyzing three portions of Apotex's label: (1) the side effects of fenfluramine (§ 12.1); (2) the dosage adjustment instructions (§§ 2.3, 2.4, 7.1, and 8.6); and (3) the clinical studies (§ 14.1). D.I. 154 at 11–12. As explained below, the magistrate judge erred by failing to accept Plaintiffs' allegations as true.

    **a)**    <u>Warnings About Fenfluramine and Norfenfluramine Can Be Interpreted by Physicians as Instructions</u>

The R&R focused on the fact that § 12.1 is a "warning," and therefore purportedly cannot

---

[2] Stiripentol is one of a few drugs approved to treat Dravet syndrome. D.I. 95-1, Ex. A at ¶ 42.

5

encourage infringement, and on the purported absence of any endorsement for administering a lower dosage of fenfluramine with stiripentol "as an effective way to reduce the identified side effects." D.I. 154 at 12–13. This analysis is flawed on both issues.

The fact that § 12.1 is presented as a "warning" does not mean it cannot be instructive to a physician. The R&R relies on a statement from *Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.* that "a warning is just that—a warning. It is not an instruction[.]" 578 F. Supp. 3d 642, 646 (D. Del. 2022). However, the *Amarin* court made this statement in rejecting an argument that warnings about the cardiovascular side effects of icosapent ethyl *encouraged* administering icosapent ethyl to reduce cardiovascular risk. *See id.* In contrast, Plaintiffs here have alleged the opposite: that a physician would be encouraged to co-administer stiripentol to enable a *lower* dosage of fenfluramine to *avoid* the warned-of side effects. D.I. 105 at 4–5.

Similarly, the R&R relies on the holding in *HZNP Medicines LLC v. Actavis Labs. UT, Inc.* that because framing an instruction that sunscreen should be applied first as a "warning" rendered applying sunscreen first optional in that case, the "warning" in § 12.1 likewise makes administering a lower fenfluramine dosage with stiripentol optional here. D.I. 154 at 12–13 (citing 940 F.3d 680, 701 (Fed. Cir. 2019)). Section 12.1, however, provides context for the express instructions to reduce fenfluramine dosages in other sections of Apotex's label. In any event, Plaintiffs need not plead that Apotex's label mandates the infringing use to the *exclusion* of non-infringing uses; they need only plead that the label "encourage[s], recommends[s], or promote[s] an infringing use," which they have. *See, e.g.*, *Sanofi v. Glenmark Pharms. Inc., USA*, 204 F. Supp. 3d 665, 679–80 (D. Del. 2016), *aff'd sub nom. Sanofi v. Watson Labs. Inc.*, 875 F.3d 636 (Fed. Cir. 2017) [*Sanofi III*].

        **b)**    <u>Apotex's Label Endorses Administering Fenfluramine with Stiripentol as Safe and Effective</u>

The R&R reasoned that, even if physicians were to co-administer fenfluramine and stiripentol based on § 12.1, "nothing in the ANDA label endorses this treatment method as an effective way to reduce the identified side effects." D.I. 154 at 12. But as discussed below, instead of accepting Plaintiffs' allegation that Apotex's label teaches *the physician* that co-administering stiripentol with fenfluramine would be safe and effective, the R&R reached its own conclusion without considering how a physician would understand the label.

    **(1)**  The Dosing Titration Schedule in § 2.2 Provides Additional Context to Apotex's Label

The R&R's analysis of § 2.2 rests solely on the conclusion that because these dosing instructions address only fenfluramine without concomitant stiripentol, they cannot be read as an instruction to do the opposite. D.I. 154 at 13 (citing C.A. No. 22-1232-RGA, D.I. 15 at 14–18). But Plaintiffs do not contend these instructions, *by themselves*, encourage administering fenfluramine with stiripentol. Rather, Plaintiffs allege that, ███████████████████████████ ███████████████████████████████████████████████ physicians would recognize that these instructions apply to both patients on *and* patients not on concomitant stiripentol, especially in light of the remaining dosage instructions, which *are* limited to patients not on concomitant stiripentol. D.I. 105 at 3–4. Furthermore, § 2.2 provides the maximum dosage of fenfluramine without stiripentol, which Plaintiffs rely on to support infringement of the claims of the '606 Patent, which require reducing the dosage of fenfluramine *as compared to administering fenfluramine without stiripentol*. *See, e.g.*, C.A. No. 22-1232-RGA, D.I. 27 at 15–16.

    **(2)**  Sections 2.3 and 2.4, When Read With §§ 7.1 and 8.6, Teach Co-Administration of Fenfluramine with Stiripentol

Contrary to the R&R's findings, *see* D.I. 154 at 16–17, Apotex has not "removed all references to administering fenfluramine 'with stiripentol'" from its label. In reaching its

7

conclusion, the R&R made three related errors: (1) failing to credit Plaintiffs' allegations of how a physician would interpret the label as true in contravention of the standard under Rule 12(b)(6); *see, e.g.*, *Connelly*, 809 F.3d at 790; (2) misinterpreting Apotex's label; and (3) substituting the magistrate judge's erroneous interpretation of the label for Plaintiffs' allegations, despite recognizing that determining how *a physician* would interpret §§ 2.3, 2.4, 7.1, and 8.6 would require expert testimony. D.I. 156 at 31:19–32:7.

With respect to the second error, the R&R appears to have concluded that because there are "other AEDs" besides stiripentol, the reference to "another AED" in §§ 7.1 and 8.6 cannot be limited to stiripentol. D.I. 154 at 14. But this ignores the fact that "another AED" in §§ 7.1 and 8.6 must be read *in the context of* §§ 2.3 and 2.4 as directed by the cross-references in each respective section. *See* Section IV.A.1, *supra*. A similar issue arose in *Vanda Pharms. Inc. v. W.-Ward Pharms. Int'l Ltd.*, where the Federal Circuit upheld a finding that the generic label's reference to "[l]aboratory tests…to identify CYP2D6 PMs" was referring to "genotyping tests" based on the fact that the parties' *experts* agreed on this interpretation of the label, *see* 887 F.3d 1117, 1131 (Fed. Cir. 2018), not, as Apotex argued, because "there was only one type of laboratory test that was plausible in[] that instance," *see* D.I. 156 at 34:20–35:4. What matters is how a physician would interpret "another AED" within the context of Apotex's label, and a physician would know that there are a limited number of drugs approved for the treatment of Dravet. D.I. 95-1, Ex. A at ¶ 42. The R&R erred by substituting its own interpretation instead of crediting Plaintiffs' allegations of how a physician would interpret this context.

        **(3)**    Apotex's Label Highlights a Clinical Study Involving Stiripentol

The R&R's analysis of the clinical studies in Apotex's label also ignored what emerges from considering the label as a whole. The magistrate judge's review of Study 2 in § 14.1

8

emphasized the lack of explicit references to concomitant stiripentol usage. D.I. 154 at 14–15. The magistrate judge also reasoned that Plaintiffs' arguments depend on the ability of a physician to rely on outside public knowledge to "understand" the alleged inducement. *Id.* This conclusion, however, (1) fails to account for the entirety of Plaintiffs' evidence that Apotex's label, when read as a whole, would inform a physician that Study 2 involved stiripentol; and (2) mistakenly treats consideration of materials outside of the label as always prohibited in this context.

First, regardless of whether physicians can rely on outside publications to interpret Apotex's label, they may still rely on their own knowledge. *See, e.g., GlaxoSmithKline*, 7 F.4th at 1328 (crediting expert testimony that treating "post-myocardial infarction left ventricular dysfunction" was the same as treating "congestive heart failure"); *Vanda*, 887 F.3d at 1132 (crediting expert testimony that "laboratory tests" were "genotyping assays"). Plaintiffs have alleged that the description of Study 2 confirms to physicians that it necessarily included stiripentol, *see, e.g.*, D.I. 95-1, Ex. A at ¶¶ 78, 123, 129, 133, and the R&R's failure to credit all of Plaintiffs' factual allegations and draw all reasonable inferences in their favor is erroneous.

Furthermore, relying on publications outside the label to find inducement is not *per se* forbidden. *See, e.g., Eli Lilly & Co. v. Teva Parenteral Meds. Inc.*, 845 F.3d 1357, 1369 (Fed. Cir. 2017) ("[V]ague instructions that require one to look outside the label to understand the alleged implicit encouragement do not, *without more*, induce infringement") (emphasis added); *see also Genentech, Inc. v. Sandoz Inc.*, 55 F.4th 1368, 1379 (Fed. Cir. 2022) ("We regularly consider evidence outside a proposed label in evaluating whether a product will be used in a way that directly infringes method claims."). Nevertheless, as Plaintiffs explained, while the physician does not need to rely on outside material to understand the implications of the Apotex label, they could easily find additional information that would confirm their understanding. D.I. 156 at 22:6–19.

9

Finally, the R&R reasoned that even if Study 2 encompasses administering fenfluramine with stiripentol, "the label's inclusion of both infringing and non-infringing uses is not sufficient to 'specifically encourage' the use of [Apotex's ANDA product] for the patented indication." D.I. 154 at 15 (citing *Amarin*, 578 F. Supp. 3d at 647). However, both *Amarin* and the case it relies on, *Grunenthal*, involved indications that encompassed both infringing and non-infringing uses but provided no further instructions as to the infringing use. *See Amarin*, 578 F. Supp. 3d at 657; *Grunenthal GmbH v. Alkem Labs. Ltd.*, 919 F.3d 1333, 1339 (Fed. Cir. 2019). In contrast, inducement can be found if the indication covers both infringing and non-infringing uses. *See, e.g.*, *GlaxoSmithKline*, 7 F.4th at 1329 (rejecting argument that "encourag[ing] both infringing and noninfringing uses" precluded a finding of inducement of the infringing use).

Here, as in *GlaxoSmithKline*, and unlike *Amarin* and *Grunenthal*, there is more instruction: Apotex's label provides dosing instructions that a physician would understand as instructing administration of fenfluramine with stiripentol and a clinical study a physician would understand as showing the safety and efficacy of fenfluramine administered with stiripentol. *See, e.g.*, C.A. No. 22-1232-RGA, D.I. 27 at 15–17. In contrast, the label in *Grunenthal* lacked a clinical study testing the infringing use. *See Grunenthal*, 919 F.3d at 1339–40; *see also Sanofi I* at 641 (finding that clinical study showing safety and efficacy of infringing use supported inducement); *Sanofi II* at *9 (same).

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court sustain their objections to the R&R recommending dismissal of the '606 Patent and denying Plaintiffs' motion to amend their complaint to add the '441 and '442 Patents.

10

<table>
<tr><td>

OF COUNSEL:

George F. Pappas
Einar Stole
Jeffrey B. Elikan
Thomas J. Sullivan
Antonio Carvalho
Justin W. Burnam
Tobias Ma
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
Kurt G. Calia
Charles Hall
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
(415) 591-6000

Jennifer D. Cieluch
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

June 30, 2023

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*
_____
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Zogenix, Inc. and Zogenix International Ltd.*

</td></tr>
</table>

11

**CERTIFICATION PURSUANT TO D. DEL. STANDING ORDER
FOR OBJECTIONS FILED UNDER FED. R. CIV. P. 72**

Pursuant to Paragraph 5 of the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, Plaintiffs hereby certify that the foregoing objections do not raise any legal or factual arguments that were not previously raised before Judge Fallon. Out of an abundance of caution, Plaintiffs note that they have cited an additional case, *Genentech, Inc. v. Sandoz Inc.*, 55 F.4th 1368 (Fed. Cir. 2022) in support of their argument on page 9 regarding looking outside the label for additional information to support an inducement claim. The underlying argument that Plaintiffs may rely on evidence outside the label to prove inducement was in Plaintiffs' briefing and argument but this new case is particularly responsive to the Report & Recommendation's conclusions regarding evidence outside of the label (*see* D.I. 154 at 14–15), which was not previously raised in the same way by Defendants. For this reason, in the event the Court concludes that citation to this case presents a new legal or factual argument, Plaintiffs believe there is good cause to raise it now.

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 30, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Kenneth L. Dorsney, Esquire<br>Cortlan S. Hitch, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>*Attorneys for Defendants Apotex Inc.*<br>*and Apotex Corp.* | *VIA ELECTRONIC MAIL* |
| Philip Y. Kouyoumdjian, Esquire<br>Roshan P. Shrestha, Ph.D., Esquire<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker Drive, Suite 2800<br>Chicago, IL 60601<br>*Attorneys for Defendants Apotex Inc.*<br>*and Apotex Corp.* | *VIA ELECTRONIC MAIL* |
| Stephen R. Auten, Esquire<br>Richard T. Ruzich, Esquire<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 East Wacker, Suite 2800<br>Chicago, IL 60601<br>*Attorneys for Defendant Apotex Inc.*<br>*and Apotex Corp.* | *VIA ELECTRONIC MAIL* |

/s/ *Megan E. Dellinger*

Megan E. Dellinger (#5739)